**Kyle A. Sturm**, OSB No. 080214
kyle.sturm@foremansturm.com
**Nicholas A. Thede**, OSB No. 075460
nick.thede@foremansturm.com
**FOREMAN STURM & THEDE, LLP**
P.O. Box 13098
Portland, Oregon 97213
Telephone:     (503) 206-5824

**Nicholas A Kahl**, OSB No. 101145
Email: nick@nickkahl.com
**NICK KAHL, LLC**
209 SW Oak Street, Suite 400
Portland, OR 97204
Telephone:     (971) 634-0829
Facsimile:     (503) 227-6840

**Craig Lowell**, *pro hac vice application forthcoming*
clowell@wigginschilds.com
**WIGGINS, CHILDS, PANTAZIS, FISHER, & GOLDFARB, LLC**
The Kress Building,
301 19th Street North
Birmingham, AL 35203
Telephone:     (205) 809-7707
Facsimile:     (205) 254-1500

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| ZEDAN OUTDOORS, LLC DBA TAYLOR'S BAR & GRILL, an Oregon limited liability company, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>OHIO SECURITY INSURANCE COMAPNY, a foreign corporation,<br><br>　　　　　Defendant. | Case No.<br><br>**CLASS ACTION ALLEGATION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Plaintiff Zedan Outdoors, LLC dba Taylor's Bar & Grill ("Plaintiff"), on behalf of themselves and others similarly situated, by their undersigned counsel, alleges the following upon personal knowledge as to their own acts, and upon information and belief as to all other matters.  Plaintiff's information and belief are based upon an investigation conducted by counsel.

## INTRODUCTION

1. This is a civil action to recover damages for Oregon businesses caused by Defendant Ohio Security Insurance Company's ("OSIC" or "Defendant") refusal to provide coverage for damages and losses sustained by Oregon businesses as a result of governmental orders that have either closed or significantly limited the operations of those Oregon businesses. Contrary to the coverage provisions in their insurance policies with Defendant, and in violation of Oregon law, Defendant has universally denied coverage to Plaintiff and members of the Classes and have refused to honor the contractual obligations Defendant has under the policies.

## THE PARTIES

2. Plaintiff is an Oregon limited liability company located at 529 NW 13th Avenue, Portland.  Plaintiff owns and operates Taylor's Bar and Grill at 894 E 13th Avenue, Eugene, Oregon. At all material times, Plaintiff was a citizen and resident of Oregon.

3. Defendant is a New Hampshire insurance company having its principal place of business in Boston, Massachusetts, and operating as part of the Liberty Mutual group of companies.  Defendant was licensed to issue, and did issue, the insurance policy at issue in this litigation.

## JURISDICTION AND VENUE

4. The Court has personal jurisdiction over Defendant because it advertised, marketed, sold, and distributed the policies of insurance in Oregon to Oregon consumers, including the policy of insurance purchased by Plaintiff in Oregon.

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005, because the matter in controversy exceeds $5,000,000, exclusive of interest and costs, and is a class action in which some members of the proposed Class are citizens of different states than Defendant. *See* 28 U.S.C. § 1332(d)(2)(A). This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

6. Venue in this Court is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in the District of Oregon, Defendant conducted substantial business here, solicited substantial business here, and received substantial payments here.

## FACTS

7. To protect its business and business income, among other things, Zedan purchased an "all risk" insurance policy from OSIC, numbered BFS (20) 58 03 61 84, that was effective from May 17, 2019, to May 17, 2020 (the "Policy"). The Policy is effective at all relevant times alleged in this Complaint.

8. Plaintiff paid, and Defendant accepted, all premiums as they became due.

9. The Policy constitutes a valid and enforceable contract between Plaintiff and Defendant.

10. The Policy promises to pay Plaintiff for all risks of direct physical loss of or damage to covered property, and includes, among others, Business Income coverage, Extra Expense coverage, and Civil Authority coverage.

11. In or about January 2020, the United States of America saw its first cases of people infected with COVID-19.

12. Beginning in March 2020, Plaintiff was forced to suspend, in whole or in part, its business operations due to certain orders and directives issued by Oregon Governor Kate Brown and local civil authorities which, among other things, restricted access to and operation of Plaintiff's business, limited groups of people, curtailed travel, and generally limited commercial activity, each and all of which caused Plaintiff to suffer loss or damage (the "Orders").

13. As a direct result of the Orders, Plaintiff was unable to operate its business, in whole or in part, while the Orders remained in effect. In addition, and due to the geographical breadth of the Orders, access to premises other than Plaintiff's were also prohibited and limited, resulting in loss or damage to those premises as well. When Plaintiff and other similarly situated businesses were permitted to re-open, they could only do so with significant alterations to their premises and business models at great cost, including, among other things, loss of use of space, installation of barriers, increased cleaning and sanitation protocols, changing business hours and employee hours, decreased customer traffic, and generally more expensive operations in order to comply with the Orders.

14. As a result, Plaintiff's business property cannot be used for its intended purposes and its business activities have necessarily been suspended or interrupted.

15. Plaintiff sustained direct physical loss or damage caused by the Orders.

16. The direct, predominant, and efficient cause of Plaintiff's direct physical loss or damage is the Orders.

17. Plaintiff has and will continue to sustain direct physical loss or damage covered by the Policy, including, among other coverages, Business Income, Extra Expense, and Civil Authority.

18. Plaintiff tendered a claim under the Policy to Defendant for the loss and/or damage outlined herein.

19. The Policy is based upon forms written by the Insurance Services Office, Inc. ("ISO") and which are widely utilized by the insurance industry.

20. The Policy initially premises coverage upon the trigger of "direct physical loss of or damage." Throughout the Policy, the terms "loss" or "damage" refer to different concepts, yet the Policy sometimes uses such terms interchangeably. For example, when referring to economic harm, the Policy refers to such harm as "loss", including in the BUSINESS INCOME (AND EXTRA EXPENSE) COVERAGE FORM, where, as described below, the Defendant promises to "pay for the actual loss of Busines Income you sustain due to the necessary 'suspension' of your 'operations' during the 'period of restoration.'" In other sections, however, when referring to material harm, the Policy refers to such harm as "damage", including in the CAUSES OF LOSS – SPECIAL FORM, where it refers to "damage to glass caused by chemicals applied to the glass" and describing mitigation efforts, which require Plaintiff to "use all reasonable means to save and preserve property from further damage at and after the time of loss." Throughout the policy, the term "loss or damage" is used to describe Defendant's coverage obligations, and refers to distinct harms: that is, economic loss and property damage.

21. The Policy promises that Defendant will provide Business Interruption coverage for Plaintiff's "actual loss of Business Income [it] sustains due to the necessary 'suspension' of [its] 'operations' during the 'period of restoration.'" It goes on to provide that the "suspension", however, must be caused by "direct physical loss of or damage to" Plaintiff's property, and states that such "loss or damage" must be caused by or result from a Covered Cause of Loss." Plaintiff's "loss of Business Income" was directly, efficiently, and proximately caused by the Orders, which resulted in the economic loss and property damage discussed in paragraph 9 above.

22. The Policy further promises that Defendant will provide Extra Expense coverage for the "necessary expenses you incur during the 'period of restoration' that you would have not incurred if there had been no direct physical loss or damage to property caused by or resulting from a Covered Cause of Loss," including such costs to "avoid or minimize the 'suspension' of business." The Policy further clarifies that such Extra Expense benefits are available to "repair or replace property" to the extent such payment "reduces the amount of loss" payable to Plaintiff. Plaintiff's Extra Expenses were directly, efficiently, and proximately caused by the Orders, which resulted in the economic loss and property damage discussed in paragraph 13 above. Such expenses were incurred to reduce the "amount of loss . . . payable" by Defendant.

23. The Civil Authority provisions provide perhaps the clearest example that Defendant treats "loss" and "damage" as distinct harms. The Policy promises Civil Authority coverage when a "Covered Cause of Loss causes damage to property other than property at the described premises" and Plaintiff sustains "actual loss of Business Income " and "Extra Expense cause by action of civil authority that prohibits access to" Plaintiff's property. The Orders caused "damage" to other properties and Plaintiff incurred "loss" as a result of "civil authority that prohibits access" to Plaintiff's property.

24. Despite the promised coverages set forth above, among others, Defendant cursorily denied Plaintiff's claim for coverage under the Policy.

25. Despite the Policy language and the coverages it promises, Defendant refuses to acknowledge that "loss" and "damage" refer to distinct harms, resulting in additional protection for Plaintiff's loss and damage directly, efficiently, and proximately caused by the Orders.

26. As a result of the above, Plaintiff has experienced and will continue to experience loss or damage covered by the Policy, and continued harm naturally and foreseeably occurring as a result of Defendant's refusal to accept coverage and pay for Plaintiff's covered loss and damage.

27. Upon information and belief, Defendant denied coverage for other similarly situated policyholders.

## CLASS ACTION ALLEGATIONS

28. This matter is brough by Plaintiff on behalf of itself and those businesses similarly situated under Federal Rules of Civil Procedure 23. This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of Federal Rules of Civil Procedure 23.

29. As authorized by Federal Rules of Civil Procedure 23(a), 23(b)(1), 23(b)(2), 23(b)(3), and 23(c)(4), Plaintiff brings its claims on behalf of itself and a class ("Direct Physical Loss or Damage Class") of:

> All persons and entities in the state of Oregon insured under a policy issued or underwritten by Defendant providing all risk coverage for direct physical loss of or damage to covered property that sustained direct physical loss or damage to its business as a direct, efficient, and proximate cause of the Orders and for which Defendant has denied or stated it will deny a claim, or otherwise have failed to acknowledge, accept, or pay for the covered loss or damage.

30. As authorized by Federal Rules of Civil Procedure 23(a), 23(b)(1), 23(b)(2), 23(b)(3), and 23(c)(4), Plaintiff brings its claims on behalf of itself and a class ("Business Interruption Coverage Class") of:

> All persons and entities in the state of Oregon insured under a policy issued or underwritten by Defendant with Business Interruption coverage whose business activities were actually and necessarily suspended or interrupted as a direct, efficient, and proximate cause of the Orders and for which Defendant has denied or stated it will deny a claim, or otherwise have failed to acknowledge, accept, or pay for the covered loss or damage.

31. As authorized by Federal Rules of Civil Procedure 23(a), 23(b)(1), 23(b)(2), 23(b)(3), and 23(c)(4), Plaintiff brings its claims on behalf of itself and a class ("Extra Expenses Coverage Class") of:

> All persons and entities in the state of Oregon insured under a policy issued or underwritten by Defendant with Extra Expense coverage that incurred expenses while seeking to minimize the suspension of business at the covered premises as a direct, efficient, and proximate cause of the Orders and for which Defendant has denied or stated it will deny a claim, or otherwise have failed to acknowledge, accept, or pay for the covered loss or damage.

32. As authorized by Federal Rules of Civil Procedure 23(a), 23(b)(1), 23(b)(2), 23(b)(3), and 23(c)(4), Plaintiff brings its claims on behalf of itself and a class ("Civil Authority Coverage Class") of:

> All persons and entities in the state of Oregon insured under a policy issued by or underwritten by Defendant with Civil Authority coverage that sustained actual loss of Business Income and necessary Extra Expense caused by action of civil authority that prohibits access to Plaintiff's business as a direct, efficient, and proximate case of the Orders and for which Defendant has denied or stated it will deny a claim, or otherwise have failed to acknowledge, accept, or pay for the covered loss or damage.

33. Excluded from each Class are Defendant and any of its members, affiliates, parents, subsidiaries, officers, directors, employees, successors or assigns; the judicial officers and associated court staff assigned to this case; the immediate family members of such officers and

staff; governmental entities; and Class Counsel and their employees. Plaintiff reserves the right to amend the Class definition based on information obtained during discovery.

34.  **Numerosity.**  The members of the Class are so numerous that joinder of all members is impractical. Upon information and belief, the number of members in the proposed Class is in the hundreds, if not thousands. The precise number of Class members will be ascertained through discovery, which will include Defendant's record of policyholders. Class members may be notified of the pendency of this action by recognized, Court-approved dissemination methods, which may include U.S. mail, electronic mail, internet postings, and/or published notice.

35.  **Commonality.** There are many questions of law and fact common to Plaintiff and Class Members. These common questions of law and fact include, but are not limited to:

a.  Whether the Class members suffered loss or damage under insurance policies issued to members of the Class.

b.  Whether Defendant wrongfully denied claims for coverage related to loss or damages based on the facts set forth herein.

c.  Whether Defendant's Business Income coverage applies based on the facts set forth herein.

d.  Whether Defendant's Extra Expense coverage applies based on the facts set forth herein.

e.  Whether Defendant's Civil Authority coverage applies based on the facts set forth herein.

f.  Whether Defendant breached its insurance policies through a uniform and blanket denial of claims for loss or damage under the circumstances alleged herein.

FOREMAN STURM & THEDE, LLP
P.O. Box 13098
Portland, Oregon 97213
Telephone: 503.206.5824

  g. Whether Plaintiff and the members of the proposed Class have suffered damages as a result of Defendant's actions.

  h. Whether Plaintiff and the members of the proposed Class are entitled to equitable or declaratory relief because of Defendant's conduct and, if so, the nature of such relief.

  i. Whether Plaintiff and the members of the proposed Class are entitled to an award of reasonable attorneys' fees, interests, and costs.

36. **Typicality.** Plaintiff's claims are typical of the claims of the members of the proposed Class and arise from the same course of conduct by Defendant. Plaintiff and the members of the proposed Class are all similarly affected by Defendants' refusal to pay under their property insurance policies. Plaintiff's claims are based upon the same legal theories as those of other class members. Plaintiff and the other Class members have sustained damages as a direct and proximate result of the same wrongful practices in which Defendant engaged. The relief Plaintiff seeks is typical of the relief sought for the absent Class members.

37. **Adequacy.** Plaintiff will fully and adequately assert and protect the interests of the proposed Classes and has retained Class counsel who are experienced and qualified in prosecuting Class Actions and insurance coverage lawsuits and have the financial resources to do so. Neither Plaintiff nor its attorneys have any interest contrary to or in conflict with the Class.

38. **Risk of Inconsistent or Varying Adjudications and Impairment to Oregon Class Members' Interests.** Plaintiff seeks class-wide adjudication as to the interpretation, and resultant scope, of coverage available under Defendants' insurance policies, which is common to all members of the proposed Class. The prosecution of separate actions by individual members of the Class would risk inconsistent or varying interpretations of those policy terms and create

inconsistent standards of conduct for Defendant. The policy interpretations sought by Plaintiff could also impair the ability of absent Class members to protect their interests. Consequently, the proposed Class satisfies the criteria for certification under Federal Rules of Civil Procedure 23(b)(1).

39.    **Declaratory and Injunctive Relief.**  Defendant acted or refused to act on grounds generally applicable to Plaintiff and other members of the proposed Class making declaratory relief appropriate on a Class-wide basis. The Class members' claims all derive directly from Defendant's systematic and uniform refusal to pay policyholders for any loss or damage suffered as the direct, efficient, and proximate cause of the Orders. Defendant's actions or refusal to act are grounded upon the same generally applicable legal theories. Plaintiff and Class members are entitled to a declaration regarding their rights and obligations under such agreements, including whether Defendant is obligated to pay claims under the Policies and similar policies based on the facts and circumstances alleged above and the "all risk" nature of such insurance policies and whether the claims at issue constituted covered causes of loss or damage. Consequently, the proposed Class also satisfies the criteria for certification under Federal Rules of Civil Procedure 23(b)(2).

40.    **Superiority.**  A class action is superior to all other available methods of fair and efficient adjudication of this lawsuit.  While the aggregate damages sustained by the members of the proposed Class are likely to be in the millions of dollars, the individual damages incurred by each Class member may be too small to warrant the expense of individual lawsuits.  Individual litigation creates the risk of inconsistent and/or contradictory decisions and the Court system would be unduly burdened by individual litigation of such cases.  A class action would result in a unified adjudication, with the benefits of economies of scale and supervision by a single Court. The common questions of law and of fact regarding Defendants' conduct and the interpretation of the

common language in their property insurance policies predominate over any questions affecting only individual Class members. Compared to the expense, burden, inconsistencies, economic infeasibility, and inefficiencies of individualized litigation, the challenges of managing this action as a class action are substantially outweighed by the benefits to the legitimate interests of the parties, the Court, and the public of class treatment in this Court, making class adjudication superior to other alternatives. Consequently, the proposed Class also satisfies the criteria for certification under Federal Rules of Civil Procedure 23(b)(3).

41. Plaintiff and other members of the proposed Class have suffered damages as a result of Defendants' unlawful and wrongful conduct.  Absent a class action, Defendant will retain substantial funds received as a result of its wrongdoing, and such unlawful and improper conduct shall, in large measure, not go remedied.  Absent a class action, the members of the proposed Class will not be able to effectively litigate these claims and will suffer further losses, as Defendant will be allowed to continue such conduct with impunity and retain the proceeds of its ill-gotten gains.

42. Particularly as to the interpretation of the uniform provisions of the Policy set forth above, certification may also be appropriate with respect each particular issue under Federal Rule of Civil Procedure 23(c).  Plaintiff reserves the right to propose one or more sub-classes if discovery reveals that such subclasses are appropriate.

## FIRST CLAIM FOR RELIEF

### (Declaratory Relief)

43. Plaintiff incorporates the preceding paragraphs as if fully stated herein.

44. There is an actual and justiciable dispute regarding whether Plaintiff and the members of the Classes are entitled to coverage under Defendant's insurance policy for the loss or damage described herein.

45. **Direct Physical Loss or Damages.** Plaintiff and members of the Classes are entitled to a declaration as follows:

   a. Plaintiff and members of the Classes suffered "direct physical loss or damage" as provided by Defendant's insurance policy; and

   b. The Orders were the direct, predominant, and efficient cause of the "direct physical loss or damage" suffered by Plaintiff and members of the Class.

46. **Business Interruption.** Plaintiff and members of the Classes are entitled to a declaration as follows:

   a. The damages sustained by Plaintiffs and members of the Class are covered by the provision of Defendant's insurance policy providing for coverage for business interruption;

   b. No exclusion under Defendant's policies apply to bar or limit coverage for Plaintiff's and the members of the Classes' claims;

   c. Plaintiff and members of the Class incurred, as provided in the terms of Defendant's insurance policy:

      i. actual loss of business income;

      ii. sustained due to the necessary suspension of their operations;

      iii. during the period of restoration;

      iv. caused by direct physical loss of or damage to property at the insured premises; and

    v. caused by or resulting from a covered cause of loss

under the terms of Defendant's insurance policy.

  47. **Extra Expense.** Plaintiff and members of the Classes are entitled to a declaration as follows:

   a. The damages sustained by Plaintiffs and members of the Class are covered by the provision of Defendant's insurance policy providing for coverage for extra expense;

   b. No exclusion under Defendant's policies apply to bar or limit coverage for Plaintiff's and the members of the Classes' claims;

   c. Plaintiff and members of the Class incurred, as provided in the terms of Defendant's insurance policy:

    i. necessary expenses;

    ii. during the period of restoration;

    iii. that would not have been incurred if there had been no direct physical loss or damage to property;

    iv. caused by or resulting from a covered cause of loss;

    v. incurred to avoid or minimize the suspension of business; and

    vi. to continue operations at the insured premises and/or to minimize the suspension of business that could not continue operations.

  48. **Civil Authority.** Plaintiff and members of the Classes are entitled to a declaration as follows:

   a.      The damages sustained by Plaintiffs and members of the Class are covered by the provision of Defendant's insurance policy providing for coverage for civil authority;

   b.      No exclusion under Defendants' policies apply to bar or limit coverage for Plaintiff's and the members of the Classes' claims;

   c.      As provided in Defendant's insurance policy:

        i.   Plaintiff and members of the Class incurred actual loss of business income sustained and necessary extra expense;

        ii.  caused by the Orders prohibiting access to the insured premises;

        iii.  due to a covered cause of loss; and

        iv.  that caused damage to property other than the insured premises.

   d.      As provided in Defendant's insurance policy:

        i.   Access to the area immediately surrounding the damaged property was:

        ii.  prohibited by the Orders as a result of the damage,

        iii.  the insured premises are within one mile from such damaged property, and

        iv.  the Orders were issued in response to dangerous physical conditions resulting from the damage or continuation of the covered cause of loss that caused the damage and / or the Orders were issued to enable a civil authority to have unimpeded access to the damaged property.

## SECOND CLAIM FOR RELIEF

### (Breach of Contract)

49.     Plaintiff incorporates the preceding paragraphs as though fully stated herein.

50. Defendant incorrectly denied coverage for Plaintiff's claim for the loss or damage described more fully above.

51. Upon information and belief, Defendant incorrectly denied coverage for similarly situated policyholders' claims, who are members of the Classes, on the same grounds as Defendant incorrectly denied coverage for Plaintiff's claim for loss or damage.

52. Defendant's denials of coverage constitute a breach of the Policy.

53. Plaintiff and members of the Classes have suffered harm, in an amount to be proven at the time of trial, because of Defendant's incorrect denial of their claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment against Defendant and the following relief:

1. An order certifying this matter as a Class Action under Fed. R. Civ. P. 23.

2. On the First Claim for Relief, a declaration that Plaintiff and members of the proposed class are entitled to coverage under the Policy for the loss and/or damage described herein.

3. On the Second Claim for Relief, damages in an amount to be proven at the time of trial.

4. Pre- and post-judgment interest at the maximum legal rate.

5. Attorney fees, costs, and disbursements pursuant to ORS 742.061.

6. Such other relief as the Court deems just and proper.

DATED this 16th day of March, 2021.

        FOREMAN STURM & THEDE LLP

                By:*/s/ Kyle A. Sturm*
                    **Kyle A. Sturm, OSB No. 080214**
                    kyle.sturm@foremansturm.com
                By:*/s/ Nicholas A. Thede*
                    **Nicholas A. Thede, OSB No. 075460**
                    nick.thede@foremansturm.com

        NICK KAHL LLC

                By: */s/ Nicholas A. Kahl*
                    **Nicholas A. Kahl, OSB No. 101145**
                    nick@nickkahl.com

        WIGGINS CHILDS PANTAZIS FISHER GOLDFARB LLC

                By:*/s/ Craig Lowell*
                    **Craig Lowll,** *pro hac vice application to be filed*
                    clowell@wigginschilds.com

                Attorneys for Plaintiffs